## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IVAN CASTILLO<br>8523 Grubb Road<br>Silver Spring, Maryland 20910<br><br>***On Behalf of Himself and***<br>***All Others Similarly Situated***<br><br>PLAINTIFF<br><br>v.<br><br>BOX 20, INC.<br>T/A DARLINGTON HOUSE<br>1610 20th Street, NW<br>Washington, D.C. 20009<br><br>    SERVE:  Fabio Beggiato<br>    4711 47th Street, NW<br>    Washington, D.C. 20016<br><br>and<br><br>FABIO BEGGIATO<br>4711 47th Street, NW<br>Washington, D.C. 20016<br><br>and<br><br>PATRICIA BEGGIATO<br>4711 47th Street, NW<br>Washington, D.C. 20016<br><br>DEFENDANTS. | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | Case Number: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COLLECTIVE ACTION COMPLAINT

Plaintiff Ivan Castillo ("Plaintiff") by and through his undersigned counsel, on behalf of himself and all others similarly situated, hereby submits his Collective Action Complaint against Defendants Box 20, Inc. d/b/a Darling House ("Darlington"), Fabio

Beggiato ("Mr. Beggiato") and Patricia Beggiato ("Ms. Beggiato") (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and for unpaid overtime wages and damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland. Plaintiff's written consent to participate in a collective action under the FLSA is attached hereto as Exhibit 1.

2. Darlington is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. Defendant is in the business of operating a restaurant and bar in Washington, DC.

3. Mr. Beggiato and Ms. Beggiato are the primary owners and officers of Darlington. At all times, Mr. Beggiato and Ms. Beggiato managed Darlington and were Plaintiff's supervisors. At all times, Mr. Beggiato and Ms. Beggiato made all decisions relating to Plaintiff's rate and method of pay. At all times Mr. Beggiato and Ms. Beggiato were in charge of the day-to-day operations of Darlington. At all times, Mr. Beggiato and Ms. Beggiato were responsible for keeping and maintaining all employment records relating to Plaintiff or caused such records to be kept or maintained.

4. At all times relevant to this litigation, all three (3) Defendants were Plaintiff's "employer" for purposes of the FLSA and DCMWA.

5. During Plaintiff's employment, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6. At all times relevant, Defendants had gross revenues of at least $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times relevant, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

8. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

9. Plaintiff was employed by Defendant as a cook from approximately 2008 through November 24, 2012.

10. During his term of employment, Defendants paid Plaintiff at his regular rate of pay in the amount of $14.50 per hour.

11. During his term of employment, Plaintiff regularly and customarily worked between sixty (60) to sixty-five (65) hours per week.

12. During his term of employment, Defendants had knowledge that Plaintiff worked between sixty (60) to sixty-five (65) hours per week and suffered or permitted Plaintiff to work between sixty (60) to sixty-five (65) hours per week.

13. During his term of employment, Defendant paid Plaintiff at his regular hourly rate of $14.50 per hour for all hours worked each week, including hours worked each week in excess of forty (40).

14. During his term of employment, Defendants perpetrated a scheme to disguise that Defendants were not paying Plaintiff overtime at the required rate, whereby Defendants paid Plaintiff a semi-monthly payroll check for only non-overtime hours at Plaintiff's regular rate of pay, $14.50 per hour, and provided Plaintiff with a second check for overtime hours worked in excess of forty (40) per week, also paid at Plaintiff's regular rate of pay, $14.50 per hour.

15. During his term of employment, Defendants never paid Plaintiff at the required overtime rate of one-and-one-half (1½) times his regular rate of pay for hours worked each week in excess of forty (40). Accordingly, Defendants now owe Plaintiff his "half time" premium, $7.25 per hour ($14.50/2 = $7.25), for each overtime hour Plaintiff worked each week. As a consequence, Plaintiff is owed unpaid wages in the amount of approximately $28,725.00 ($7.25 per hour owed * 25 overtime hours per week = $181.25) * 156 weeks (available under the FLSA and DCMWA Statutes of Limitation) = $28,725.00), plus an equal amount in liquidated damages, pre-judgment interest, attorney's fees, and costs.

16. During his term of employment, Plaintiff never performed work duties that would qualify him as exempt from the FLSA or DCMWA overtime requirements.

17. Plaintiff is aware of at least thirty (30) other current and former employees of Defendants who are similarly situated in they were or are not paid for overtime hours worked each week by Defendants as prescribed by law.

18. Plaintiff is aware that many of these similarly situated individuals have not yet asserted their rights to recover unpaid overtime wages because they are not yet aware of their entitlement to overtime wages under Federal and District of Columbia law.

19. Plaintiff is aware that many of these similarly situated individuals are aware of their overtime rights but have not asserted these rights under Federal and District of Columbia law because they are afraid of retaliation and/or loss of their employment with Defendants if they act to assert their rights.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

20. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-19 above, as if each were set forth herein.

21. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

22. Plaintiff was an "employee" of Defendants covered by the FLSA, 29 U.S.C. § 207(a)(1), and all three (3) Defendants were Plaintiff's "employers" under § 207(a)(2).

23. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for overtime hours worked at the FLSA required overtime rate.

24. As set forth above, Plaintiff, and others similarly situated, worked overtime hours in excess of forty (40) on a regular basis.

25. Defendants, however, failed and refused to pay Plaintiff, and others similarly situated, as required by the FLSA for overtime hours worked.

26. Defendants' failure and refusal to pay Plaintiff and others similarly situated overtime compensation as required by the FLSA, and purposeful endeavors to hide that Plaintiff was not paid for overtime hours as required by the FLSA, evinces a willful and intentional and not in good faith violation of Plaintiff's FLSA rights and the rights of other similarly situated individuals.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all other similarly situated individuals who have joined in this suit) under Count I for unpaid overtime wages in such an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

27. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-26 above, as if each were set forth herein.

28. Plaintiff was Defendants' "employee," and all three (3) Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

29. Under the DCMWA, Defendants, as Plaintiff's employers, were obligated to pay Plaintiff overtime wages at the rate of one and one half (1½) times his regular rate of pay for work performed beyond forty (40) hours in any given workweek.

30. As set forth above, Plaintiff, and others similarly situated, worked over forty (40) hours per week on a regular basis.

31. As set forth above, for overtime hours worked by Plaintiff and other similarly situated individuals, Defendants failed and refused to pay Plaintiff, and others similarly situated, overtime pay at the rate of one-and-one-half (1½) times their regular rate of pay as required under the DCMWA.

32. Defendants' failure and refusal to pay overtime wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined in this suit), under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

*[signature]*

Gregg C. Greenberg, Bar No. MD17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiff*